COPY

1  KARL R. LOUREIRO, SB# 162318
   WILLIAM E. PALLARES, SB# 187740
2    E-Mail: pallares@lbbslaw.com
   **LEWIS BRISBOIS BISGAARD & SMITH** LLP
3  221 North Figueroa Street, Suite 1200
   Los Angeles, California 90012
4  Telephone: 213.250.1800
   Facsimile: 213.250.7900
5
   Attorneys for Defendants WATTS
6  WATER TECHNOLOGIES, INC. and
   WATTS REGULATOR CO.
7

```
FILED
CLERK, U.S. DISTRICT COURT

JAN 1 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY
```

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN   DIVISION

10
   SAFECO INSURANCE COMPANY          CASE NO.  SACV13-0046 CJC (ANx)
11 OF ILLINOIS (a division of Liberty
   Mutual Holding Company, Inc.) as       **DEFENDANTS WATTS WATER**
12 Subrogee of MAYUR PATEL and        **TECHNOLOGIES, INC.'S AND**
   KALPANA PATEL,                      **WATTS REGULATOR CO.'S**
13                                      **NOTICE OF REMOVAL OF**
                 Plaintiff,            **ACTION, PURSUANT TO 28 U.S.C.**
14                                      **§1441**
15      vs.
16 WATTS WATER TECHNOLOGIES,
   INC., a Delaware Corporation; WATTS
17 REGULATOR CO., a Massachusetts      [Declaration of William E. Pallares,
   Corporation; WATTS PLUMBING       Declaration of Leo Maguire and
18 TECHNOLOGIES (TAIZHO) CO.,         Certification of Defendants Watts Water
   LTD. a Chinese Corporation;        Technologies, Inc. and Watts Regulator
19 ANDERSON-BARROWS METAL             Co. as to Interested Parties filed
   CORP., a California Corporation;    concurrently herewith.]
20 CARLOS MARQUEZ, an individual,
   and DOES 1-50, inclusive,
21
                 Defendants.
22

23      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

24      PLEASE TAKE NOTICE THAT Defendant Watts Water Technologies, Inc.,

25 a Delaware Corporation (herein individually referred to as "Watts Water"), and

26 Watts Regulator Co., a Massachusetts Corporation (herein individually referred to as

27 "Watts Regulator"), (herein collectively referred to as "Defendants") hereby remove

28 to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the action originally

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH** LLP
ATTORNEYS AT LAW

4850-9337-4994.1

1    filed in the Superior Court of the State of California for the County of Orange,

2    Central Justice Center.  In support of removal, Defendants state as follows:

3        1.     On October 24, 2012, Plaintiff Safeco Insurance Company of Illinois (a

4    division of Liberty Mutual Holding Company, Inc.) as Subrogee of Mayur Patel and

5    Kalpana Patel ("Plaintiff") filed its Complaint in the Superior Court of California for

6    the County of Orange, entitled *Safeco Insurance Company of Illinois, et al. v. Watts*

7    *Water Technologies, Inc., et al.*, Case No. 30-20012-00607400-CU-PO-CJC (the

8    "Complaint").

9        2.     The Complaint alleges the following causes of action:  (1) Negligence;

10   (2) Strict Products Liability-Failure to Warn; (3) Strict Products Liability-Design

11   Defect; (4) Strict Product Liability-Manufacturing Defect; and (5) Breach of

12   Warranty arising out of the failure of a water hose and connector (the "subject

13   product").  Defendants allegedly designed and manufactured the subject products.

14   (See Compl. at ¶¶15, 25, 29, 44, 49, 55 & 62.)  Due to the alleged failure of the

15   subject product, Plaintiff was allegedly obligated to pay monies on a property loss

16   claim to its insured.  (See Compl. at ¶¶14 through 23.)

17       3.     On December 21, 2012, Plaintiff served Watts Water with the

18   Complaint at Watts Water's principal place of business, located at 815 Chestnut

19   Street, North Andover, Massachusetts.  (See the Declaration of William E. Pallares

20   at ¶2.)  Pursuant to 28 U.S.C. § 1446(b), Watts Water may remove the Action to

21   federal court within thirty (30) days after service of the Complaint.  A true and

22   correct copy of the Complaint and the accompanying documents in this action that

23   Plaintiff served on Watts Water are collectively attached hereto as Exhibit "A", and

24   constitute the process and pleadings which Watts Water has received with respect to

25   this matter.

26       4.     Plaintiff is duly organized and incorporated under the laws of the State

27   of Illinois with its principal place of business located at 175 Berkeley Street, Boston,

28   Massachusetts.  (See Compl. at ¶1.)  Accordingly, Plaintiff is both a citizen of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-9337-4994.1

2

DEFENDANTS NOTICE OF REMOVAL                                    Case No.

1   State of Illinois and the State of Massachusetts.

2        5.    Watts Water is duly organized and incorporated under the laws of the

3   State of Delaware with its principal place of business located in North Andover,

4   Massachusetts. (Compl. at ¶4; and see also the Declaration of Leo Maguire at ¶2.)

5   Accordingly, Watts Water is both a citizen of State of Delaware and the State of

6   Massachusetts.

7        6.    On December 21, 2012, Plaintiff served defendant Anderson-Barrows

8   Metal Corp. (herein referred to as "Anderson-Barrows"). (See Pallares Decl. at ¶3.)

9   Anderson-Barrows was duly organized and incorporated under the laws of the State

10   of California. (Maguire Decl. at ¶5.) A true and correct copy of the Complaint and

11   the accompanying documents in this action that Plaintiff served on Watts Regulator

12   are collectively attached hereto as Exhibit "B", and constitute the process and

13   pleadings which Watts Regulator has received with respect to this matter.

14        7.    On or around March 1, 1995, Watts Regulator purchased Anderson-

15   Barrows. Watts Regulator then merged out Anderson-Barrows on December 31,

16   2007. After the merger of Anderson-Barrows into Watts Regulator, Watts

17   Regulator has continued to sell and distribute product using the brand name

18   "Anderson-Barrows." (See Maguire Decl. at ¶6.) Anderson-Barrows no longer

19   exists as a corporate entity. (See Maguire Decl. at ¶7.) Anderson-Barrows is Watts

20   Regulator. Pursuant to 28 U.S.C. § 1446(b), Watts Regulator may remove the

21   Action to federal court within thirty (30) days after service of the Complaint.

22        8.    Watts Regulator, a wholly-owned subsidiary of Watts Water, is duly

23   organized and incorporated under the laws of the State of Massachusetts with its

24   principal place of business located in North Andover, Massachusetts. (Maguire

25   Decl. at ¶4.) Accordingly, Watts Regulator is citizen of the State of Massachusetts.

26        9.    On December 21, 2012, Plaintiff attempted to serve Defendant Watts

27   Plumbing Technologies (Taizho) Co., LTD. (herein referred to as "Watts

28   Plumbing") at 815 Chestnut Street, North Andover, Massachusetts. (Pallares Decl.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | at ¶4.) Service was not effected. (Pallares Decl. at ¶4.) Accordingly, Defendants
2 | need not obtain the consent of Watts Plumbing to remove this matter.

3 |      10.    Defendant Carlos Marquez is an individual who is alleged to reside at
4 | 640 West Katella Avenue, Anaheim, California. (Compl. at ¶8.) On November 9,
5 | 2012 and November 13, 2012, Plaintiff attempted to effect service on Mr. Marquez
6 | by personal delivery of the Summons and Complaint at 640 West Katella Avenue,
7 | Anaheim, California. (Pallares Decl. at ¶5.) Mr. Marquez has not resided at that
8 | address for at least one (1) year. (See Exhibit "4" attached to the Pallares Decl. at
9 | ¶5.) Accordingly, Plaintiff has not served Mr. Marquez. While purportedly, Mr.
10 | Marquez is an alleged citizen of the State of California, he remains an unserved
11 | defendant and his consent to join Defendants' removal is not required. *Salveson v.*
12 | *Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

13 |      11.    There is complete diversity between the parties in this Action. Further,
14 | the no-local-defendant limitation on removal jurisdiction in diversity cases does not
15 | apply to this case. Removal is proper where "none of the parties in interest properly
16 | joined and ***served*** as defendants is a citizen of the State in which such action is
17 | brought." 28 U.S.C. §1441(b) (emphasis added).

18 |      12.    The amount in controversy, as alleged in the Complaint, exceeds the
19 | sum of $75,000. Allegedly, as a result of the failure relating to the subject product,
20 | Plaintiff has allegedly incurred damages in the amount of $220,000. (See Compl. at
21 | ¶¶22, 30, 35, 45, 51, 57 & 64.) While Defendants deny the allegations in the
22 | Complaint, it is clear, for purposes of establishing jurisdiction of this Court, that the
23 | amount in controversy satisfies the jurisdictional minimum pursuant to 28 U.S.C. §
24 | 1332.

25 |      13.    The Complaint is a civil action of which this Court has original
26 | jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this
27 | Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that there
28 | exists complete diversity and the amount in controversy exceeds the sum of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-9337-4994.1

4

DEFENDANTS NOTICE OF REMOVAL              Case No.

1  $75,000, exclusive of interest and costs.

2      14.   In filing this notice of removal, Defendants do not waive, but expressly

3  reserve, any and all objections and defenses under Rule 12(b) of the *Federal Rules*

4  *of Civil Procedure* or any other rules which are or will be applicable to this Action.

5      15.   A written notice to Plaintiff of this notice of removal shall be filed with

6  the Superior Court of the State of California for the County of Orange, and served

7  upon Plaintiff's counsel.  The form of that notice (without exhibits) will be

8  substantially identical to the form of the notice attached to this Notice of Removal as

9  Exhibit "C".

10  DATED: January /0 , 2013       Respectfully submitted,

11

12                  LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14              By: _____

15                  William E. Pallares

16                  Attorneys for Defendants WATTS
                WATER TECHNOLOGIES, INC. and

17                  WATTS REGULATOR CO.

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-9337-4994.1
DEFENDANTS NOTICE OF REMOVAL        5        Case No.

# EXHIBIT "A"

ES00 7556

SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Watts Water Technologies, Inc.; Watts Regulator Co.;Watts Plumbing
Technologies Co., Ltd.; Anderson-Barrows Metal Corp.;Carlos Marquez

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Safeco Insurance Company of Illinois

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/24/2012** at 04:08:17 PM

Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court

Central Justice Center
700 Civic Center Drive West, Santa Ana, CA 92701

CASE NUMBER:
*(Número del caso):* 30-2012-00607400-CU-PO-CJC

Judge Franz E. Miller

C-14

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ahmed S. Diab, Esq., Law Offices of Robert A. Stutman, P.C.,750 B Street, 33rd Floor, San Diego, CA 92101

DATE: 10/24/2012
*(Fecha)*

ALAN CARLSON, Clerk of the Court
Clerk, by *Fidel Ibarra*
*(Secretario)*

, Deputy
*(Adjunto)*

Fidel Ibarra

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Watts Water Technologies Inc, a Delaware corporation

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



Ahmed S. Diab, Esq. (SBN 262319)
1 | LAW OFFICES OF ROBERT A. STUTMAN, P.C.
750 B Street, 33rd Floor
2 | San Diego, CA 92101
Tel:   619.937.6272
3 | Fax:   619.374.1678

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
10/24/2012 at 04:09:12 PM
Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

4 | Attorneys for Plaintiff SAFECO INSURANCE COMPANY OF ILLINOIS
As Subrogee of MAYUR PATEL and KALPANA PATEL
5

6

7

8 |         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |         COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

10

11 | SAFECO INSURANCE COMPANY OF            ) CASE NO.  30-2012-00607400-CU-PO-CJC
    | ILLINOIS (a division of Liberty Mutual   )
12 | Holding Company, Inc.) as Subrogee of     ) COMPLAINT FOR CIVIL DAMAGES
    | MAYUR PATEL and KALPANA PATEL,          )
13 |                                           )
    |             Plaintiff,                     ) 1.  NEGLIGENCE
14 |                                           ) 2.  STRICT PRODUCTS LIABILITY -
    | v.                                        )     FAILURE TO WARN
15 |                                           ) 3.  STRICT PRODUCTS LIABILITY –
    | WATTS WATER TECHNOLOGIES, INC.,           )     DESIGN DEFECT
16 | a Delaware Corporation; WATTS             ) 4.  STRICT PRODUCTS LIABILITY –
    | REGULATOR CO, a Massachusetts            )     MANUFACTURING DEFECT
17 | Corporation; WATTS PLUMBING              ) 5.  BREACH OF WARRANTY
    | TECHNOLOGIES (TAIZHO) CO., LTD. (a       )
18 | Chinese Corporation; ANDERSON-            ) Amount in Controversy Exceeds
    | BARROWS METAL CORP., a California         ) Minimum Jurisdictional Limits of this
19 | Corporation; CARLOS MARQUEZ, an           ) Court
    | individual; and DOES 1-50, inclusive,     )
20 |                                           ) Complaint Filed:
    |             Defendants.                    ) Judge: Judge Franz E. Miller
21 |                                           ) Dept. C-14
    |                                           ) Trial Date:
22

23 |      Plaintiff SAFECO INSURANCE COMPANY OF ILLINOIS (a division of Liberty Mutual

24 | Holding Company, Inc.) a/s/o MAYUR PATEL and KALPANA PATEL, respectfully alleges as

25 | follows:

26 |                                           I.

27 |                         GENERAL ALLEGATIONS

28 |      1.      Plaintiff  SAFECO  INSURANCE  COMPANY  OF  ILLINOIS  ("SAFECO")  is  a

Law Offices of
Robert A. Stutman,
P.C.

-1-
COMPLAINT FOR CIVIL DAMAGES

7.

1　corporation duly organized and existing under the laws of the state of Illinois with its principal place of

2　business located at 175 Berkeley Street, Boston, MA 02116, and at all times relevant hereto, was

3　authorized to issue insurance policies in the state of California.

4　　　2.　At all times relevant hereto, SAFECO's insureds, Mayur and Kalpana Patel, owned and

5　occupied a residential home located at 52 Shoraridge, Newport Beach, CA 92657 (the "PROPERTY").

6　　　3.　Prior to November 5, 2009, SAFECO issued a policy of insurance to Mayur and

7　Kalpana Patel. Said policy that covered the PROPERTY, including its structure and contents, and

8　insured against other losses, was in effect on November 5, 2009.

9　　　4.　Plaintiff is informed and believes that Defendant WATTS WATER TECHNOLOGIES,

10　INC. is a corporation duly organized and existing under the laws of the State of Delaware, having a

11　principal place of business located at 815 Chestnut Street, North Andover, Massachusetts 01845.

12　　　5.　Plaintiff is informed and believes that Defendant WATTS REGULATOR CO. is a

13　corporation duly organized and existing under the laws of the Commonwealth of Massachusetts,

14　having a principal place of business located at 815 Chestnut Street, North Andover, Massachusetts

15　01845.

16　　　6.　Plaintiff is informed and believes that Defendant WATTS PLUMBING

17　TECHNOLOGIES (TAIZHO) CO., LTD. Is a Chinese corporation with its principal place of business

18　located in Zhejiang Province, China, and is a wholly owned subsidiary of Defendant WATTS WATER

19　TECHNOLOGIES, INC. located at 815 Chestnut Street, North Andover, Massachusetts 01845.

20　　　7.　Plaintiff is informed and believes that Defendant ANDERSON-BARROWS METAL

21　CORP. ("ANDERSON-BARROWS") is a corporation duly organized and existing under the laws of

22　the State of California, having a principal place of business located at 815 Chestnut Street, North

23　Andover, Massachusetts 01845.

24　　　8.　Defendant CARLOS MARQUEZ ("MR. MARQUEZ") is an individual, whose last

25　known residence address is 640 West Katella Avenue, Anaheim, CA 92805.

26　　　9.　Defendants WATTS WATER TECHNOLOGIES, INC., WATTS REGULATOR CO.

27　and WATTS PLUMBING TECHNOLOGIES (TAIZHO) CO., LTD. shall hereinafter be collectively

28　referred to as "WATTS".

1     10.   Plaintiff is informed and believes that at all times relevant hereto, Defendants WATTS
2  and/or one or more of their subsidiary companies, and DOES 1-20, were engaged in the business of,
3  *inter alia*, designing, manufacturing, marketing, selling and distributing products, including toilet tank
4  water connectors.

5     11.   Plaintiff is presently unaware of the true names and capacities of the defendants sued as
6  DOES 1 through 50, and therefore, will further amend this Complaint to add their true names and
7  capacities once they are ascertained.  Plaintiff is informed and believes, and thereupon alleges, that
8  each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in
9  that Plaintiff's damages were proximately caused by their conduct.  Each reference in this Complaint
10  to "Defendant", "Defendants" or a specifically named defendant refers also to all defendants sued
11  under fictitious DOE names herein.

12     12.   Venue is proper in this jurisdiction in that the acts giving rise to this lawsuit, which are
13  described more fully herein, occurred within this Court's jurisdictional area and, accordingly, the relief
14  sought in this Complaint is properly within the jurisdiction of this Court.

15     13.   The damages incurred by Plaintiff SAFECO are believed to be will in excess of
16  $25,000.00, the jurisdictional minimum of this Court.  Furthermore, the Defendants named herein all
17  regularly conduct business within this state and in Orange County, California.

18                           II.

19           FACTS RELEVANT TO ALL CAUSES OF ACTION

20     14.   At all times relevant hereto, SAFECO's insureds, Mayur and Kalpana Patel, owned and
21  occupied the PROPERTY.

22     15.   Prior to November 5, 2009, Defendants ANDERSON and/or WATTS designed,
23  manufactured, marketed, sold, and/or distributed the toilet tank water connector which was connected
24  to the toilet in the main level bathroom (the "TOILET") at the PROPERTY.

25     16.   Prior to November 5, 2009, Defendant MR. MARQUEZ replaced the aforesaid toilet
26  tank water connector on the toilet at the PROPERTY with an identical toilet tank water connector
27  manufactured, marketed, sold, and/or distributed by Defendants ANDERSON and/or WATTS.

28     17.   On or about November 5, 2009, a water leak occurred within the PROPERTY and

LAW OFFICES OF
ROGER A. FRANSEN,
P.C.

9.

1  originated at the toilet tank water connector on the TOILET.

2  18. The water leak was caused by the failure of the water connector on the TOILET.

3  19. The acetal coupling nut which secured the water connector to the TOILET's tank
4  fractured and resulted in the subject water leak.

5  20. The water connector and/or its component parts, including the acetal coupling nut, were
6  designed, manufactured, marketed, sold, and/or distributed by Defendants ANDERSON and/or
7  WATTS.

8  21. The water leak resulted in significant damage to the PROPERTY and personal property
9  of Plaintiff SAFECO's insureds, Mayur and Kalpana Patel.

10  22. As a result of the water leak and resultant damage, SAFECO has made payments to its
11  insureds in excess of $220,000.00 in accordance with the terms and conditions of the insurance policy.

12  23. As a result of the payments made to its insureds for the subject water leak, Plaintiff
13  SAFECO is legally, equitably and contractually subrogated to the rigs of its insureds to the extent of its
14  payments.

15                                III.

16                        CAUSES OF ACTION

17                      FIRST CAUSE OF ACTION

18                            (Negligence)

19                            COUNT ONE

20  Plaintiff SAFECO v. Defendants ANDERSON; WATTS; and DOES 1-20, inclusive

21  24. Plaintiff hereby incorporates by reference paragraphs 1 through 23 as though fully set
22  forth herein.

23  25. Defendants ANDERSON, WATTS, and DOES 1-20 are corporations and/or business
24  entities that design, assemble, manufacture, market, distribute, sell and place into the stream of
25  commerce, products throughout the United States, including the water connector that caused the water
26  loss in this case.

27  26. Defendants ANDERSON, WATTS, and DOES 1-20 designed, manufactured,
28  assembled, tested, distributed, marketed, sold and placed into the stream of commerce the water

-4-
COMPLAINT FOR CIVIL DAMAGES

10-

1  connector that caused the water leak at the PROPERTY.

2      27.    On or about November 5, 2009, the water connector failed, causing a water leak and

3  damaging real and personal property, and other damages, as pled herein.

4      28.    Defendants ANDERSON, WATTS, and DOES 1-20 owed a duty to customers,

5  including Plaintiff SAFECO's insureds, to exercise the amount of care in designing and manufacturing

6  the water connector at issue that a reasonably careful designer and manufacturer would use in similar

7  circumstances.

8      29.    The subject water leak and resulting damages sustained by Plaintiff SAFECO's

9  insureds, Mayur and Kalpana Patel, were caused by the negligence, breach of duty of care,

10 carelessness, negligent acts and omissions of Defendants ANDERSON, WATTS and DOES 1-20, their

11 agents, servants, and/or employees, all acting within the course and scope of their employment and

12 agency, in:

13      a.  Designing, manufacturing, selling, marketing, distributing, supplying, and/or
14          assembling the water connector in a defective and unreasonably dangerous condition
15          that was unsafe for its intended use;

16      b.  Designing, manufacturing, selling, distributing, supplying, and/or assembling the water
17          connector with insufficient liner and metal braiding, thereby causing a defective and
18          unreasonably dangerous condition that was unsafe for its intended use;

19      c.  Failing to properly and adequately design, manufacture, assemble, inspect and/or test
20          the sufficiency of the water connector which connected the TOILET to the water
21          source;

22      d.  Failing to properly and adequately design, manufacture, assemble, inspect, and/or test
23          the adequacy of the strength and/or thickness of the lining and the braiding of the water
24          connector connected to the TOILET;

25      e.  Failing to properly and adequately design, manufacture, and/or assemble the water
26          connector in conformity with industry standards;

27      f.  Failing to adequately appreciate the risks of the defect of the water connector;

28      g.  Failing to place into the stream of commerce a water connector that is merchantable and

1        fit for its intended purpose; and

2          h.  Failing to use due care under the circumstances.

3       30.   As a direct and proximate result of the aforesaid negligence, breach of duty of care,

4 carelessness, negligent acts and/or omissions of Defendants ANDERSON, WATTS and DOES 1-20,

5 the subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of

6 $220,000.00, representing the fair and reasonable value of the damage to the PROPERTY and the

7 personal property of its insured.

8       31.   By virtue of the aforesaid payment and pursuant to the terms of the insurance policy,

9 Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the

10 extent of such payments.

11      32.   Plaintiff SAFECO's insureds did not know, nor could they have known through the

12 exercise of ordinary care, of the defect in the subject water connector.

13      33.   In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this

14 loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and

15 exact cost thereof is ascertained.

16                              **COUNT TWO**

17          **Plaintiff SAFECO v. Defendants MR. MARQUEZ; and DOES 21-25, inclusive**

18      34.   Plaintiff hereby incorporates by reference paragraphs 1 through 33 as though fully set

19 forth herein.

20      35.   The subject water leak and resulting damages sustained by Plaintiff SAFECO's

21 insureds, Mayur and Kalpana Patel, were caused by the negligence, breach of duty of care,

22 carelessness, negligent acts and/or omissions of Defendants MR. MARQUEZ and DOES 21-25, their

23 agents, servants, and/or employees, all acting within the course and scope of their employment and

24 agency, in:

25          a.  Selecting as a replacement water connector a product designed, manufactured, sold,

26              marketed, distributed, supplied by Defendants ANDERSON, WATTS and DOES 1-20,

27              and/or assembling the water supply line in a defective and unreasonably dangerous

28              manner that was unsafe for its intended use;

b. Improperly installing the replacement water connector; and

c. Failing to use due care under the circumstances.

36. As a direct and proximate result of the aforesaid negligence, breach of duty of care, carelessness, negligent acts and/or omissions of Defendants MR. MARQUEZ and DOES 21-25, the subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00, representing the fair and reasonable value of the damage to the PROPERTY and the personal property of its insured.

37. By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy, Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the extent of such payments.

38. In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

## SECOND CAUSE OF ACTION

### (Strict Products Liability - Failure to Warn)

### Plaintiff SAFECO v. Defendants ANDERSON; WATTS; and DOES 1-20

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. Defendants ANDERSON, WATTS and DOES 1-20, inclusive, owed a duty to consumers, including Plaintiff SAFECO's insureds, to exercise reasonable care in issuing warnings regarding the defective and dangerous nature of its water supply line.

41. Defendants ANDERSON, WATTS and DOES 1-20, inclusive, knew or reasonably should have known that their water supply line was defective and dangerous and was likely to be dangerous when used in a reasonably foreseeable manner.

42. Defendants ANDERSON, WATTS and DOES 1-20, inclusive, knew or reasonably should have known that Plaintiff SAFECO and its insureds would not realize that the water supply line was defective and posed a danger of causing substantial property damage.

43. Defendants ANDERSON, WATTS and DOES 1-20, inclusive, failed to adequately

1   warn of the danger or instruct Plaintiff SAFECO or its insureds on the safe use of its product when

2   used in an intended or reasonably foreseeable way.

3      44.    A reasonable designer, manufacturer, distributor, assembler or seller under the same or

4   similar circumstances would have warned of the danger and instructed on the safe use of the product,

5   including but not limited to, providing detailed installation instructions together with warnings to

6   frequently inspect the water supply line.

7      45.    As a direct and proximate result of Defendants' failure to warn Plaintiff SAFECO or its

8   insureds regarding the defective and dangerous nature of its water supply line, the subject water leak

9   occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00, representing the fair

10   and reasonable market value of the damage to the PROPERTY and the personal property of its insured.

11      46.    By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy,

12   Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the

13   extent of such payments.

14      47.    In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this

15   loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and

16   exact cost thereof is ascertained.

17                     **THIRD CAUSE OF ACTION**

18                 **(Strict Products Liability – Design Defect)**

19         Plaintiff SAFECO v. Defendants ANDERSON, WATTS and DOES 1-20

20      48.    Plaintiff hereby incorporates by reference paragraphs 1 through 47 as though fully set

21   forth herein.

22      49.    The cause of the subject water leak was due to a failure of the water supply line and its

23   component parts which were defectively designed, manufactured, assembled, tested, marketed,

24   distributed, sold and placed into the stream of commerce by Defendants ANDERSON, WATTS and

25   DOES 1-20.

26      50.    The water supply line did not perform as safely as an ordinary consumer would have

27   expected it to perform when used in an intended or reasonably foreseeable way.

28      51.    As a direct and proximate result of the product defect or defects referenced herein, the

Law Offices of
Barris J. Tremuni,
P.D.

14.

1  subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00,
2  representing the fair and reasonable market value of the damage to the PROPERTY and the personal
3  property of its insured.

4      52.    By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy,
5  Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the
6  extent of such payments.

7      53.    In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this
8  loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and
9  exact cost thereof is ascertained.

10                          **FOURTH CAUSE OF ACTION**

11                  **(Strict Products Liability – Manufacturing Defect)**

12            **Plaintiff SAFECO v. Defendants ANDERSON, WATTS and DOES 1-20**

13      54.    Plaintiff hereby incorporates by reference paragraphs 1 through 53 as though fully set
14  forth herein.

15      55.    The cause of the subject water leak was due to a failure of the water supply line and its
16  component parts which were defectively designed, manufactured, assembled, tested, marketed,
17  distributed, sold and placed into the stream of commerce by Defendants ANDERSON, WATTS and
18  DOES 1-20.

19      56.    Plaintiff SAFECO is informed and believes that the water supply line contained a
20  manufacturing defect when it left Defendants ANDERSON, WATTS and DOES 1-20's possession.

21      57.    As a direct and proximate result of the product defect or defects referenced herein, the
22  subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00,
23  representing the fair and reasonable market value of the damage to the PROPERTY and the personal
24  property of its insured.  In other words, said product defect was a substantial factor in causing Plaintiff
25  SAFECO's harm in this matter.

26      58.    By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy,
27  Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the
28  extent of such payments.

15.

1      59.   In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this

2 loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and

3 exact cost thereof is ascertained.

**FIFTH CAUSE OF ACTION**

(Breach of Warranty)

Plaintiff SAFECO v. Defendants ANDERSON, WATTS and DOES 1-20

7      60.   Plaintiff hereby incorporates by reference paragraphs 1 through 59 as though fully set

8 forth herein.

9      61.   Defendants ANDERSON, WATTS and DOES 1-20 were and are in the business of

10 selling water supply lines.

11      62.   In designing, manufacturing, marketing, selling, distributing, supplying and/or

12 assembling the subject water supply line, Defendants ANDERSON, WATTS and DOES 1-20 made

13 certain express and implied warranties that the water supply line was of good and merchantable quality

14 and was reasonably safe and fit for its intended use.

15      63.   Defendants ANDERSON, WATTS and DOES 1-20 breached the express and implied

16 warranties and other representations that accompanied the sale and distribution of the subject water

17 supply line into the stream of commerce.

18      64.   As a direct and proximate result of the product defect or defects referenced herein, the

19 subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00,

20 representing the fair and reasonable market value of the damage to the PROPERTY and the personal

21 property of its insured.

22      65.   By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy,

23 Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the

24 extent of such payments.

25      66.   In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this

26 loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and

27 exact cost thereof is ascertained.

28 ///

1      WHEREFORE, Plaintiff prays for judgment against the Defendants, as to each cause of

2 action, as follows:

3     1.    For the full extent of the amounts paid by Plaintiff SAFECO to its insureds;

4     2.    For prejudgment interest according to proof, pursuant to *Civil Code* §3291;

5     3.    For post-judgment interest according to proof;

6     4.    For Plaintiff's costs of suit herein;

7     5.    For such other and further relief as to the Court may deem just and proper.

8

9 Dated: October 28, 2012          LAW OFFICES OF ROBERT A. STUTMAN, P.C.

10

11                     By: _____

                               Ahmed S. Diab, Esq.

12                         Attorneys for Plaintiff SAFECO INSURANCE

13                         COMPANY OF ILLINOIS a/s/o MAYUR
                           PATEL and KALPANA PATEL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17.

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

18.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. January 2010)                                          Page 2 of 4

19.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May _Not_ Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May _Not_ Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.: Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*: Bar No: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE <br> JUSTICE CENTER: <br> ☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 <br> ☐ West – 8141 13th Street, Westminster, CA 92683-0500 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____


and defendant(s)/respondent(s), _____


agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on *Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____

    (SIGNATURE OF PLAINTIFF OR ATTORNEY)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____

    (SIGNATURE OF DEFENDANT OR ATTORNEY)       (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                             California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

22.

# DDS

ATTORNEY · COPY · MESSENGER
S E R V I C E S

**Attention:** Mark J. Snider & Associates

# ROUTINE SERVICE ATTACHED

Please status service by phone.

Contact: Lim @ ext. 1318
Phone # (714) 662-5555
Fax # (714) 662-3379
**Faxed or Emailed by:** Kim

**Special Instructions:**

*Please Serve

*quoted $30 for Service

**Thanks,** Please Serve

**DDS Legal Support**

23.

LAST DAY TO SERVE: _____

### Rules for Serving California Process Papers

**Summons & Complaint (Corporation/Partnership)**
- Serve Personally on agent, corporate officer, general manager or attorney/general counsel. All others are sub-serves. If unknown, get agent's or officer's name.
- Can sub-serve first attempt on person in charge if being served at a business address.
- If being served at a residence. It can be sub-served on the fourth attempt. However, it will require diligence. Diligence is three attempts on three different days – one in the morning, one in the afternoon and finally one in the evening.
- If sub-served, PLEASE NOTIFY US IMMEDIATELY SO THAT WE MAY ALSO MAIL AN ADDITIONAL COPY!
- When a business is located at a residence. Serve personally on agent, corporate officer or a person affiliated with the business. Get the agent's, officer's or person affiliated with business name and description.

**Summons & Complaint (Individual, Sole Proprietorship, Minor, other)**
- Serve personally on named defendant.
- Can sub-serve on the fourth attempt after diligence. Diligence is three attempts on three different days – one in the morning, one in the afternoon, and finally one in the evening. This can be served to a competent member of the household over the age of 18 OR if at their place of work, the person in charge.
- If sub-served, PLEASE NOTIFY US IMMEDIATELY SO THAT WE MAY ALSO MAIL AN ADDITIONAL COPY!

**Summons & Complaint (Family Law)**
- Serve personally on named defendant only.

**Deposition Subpoena (Personal Appearance)**
- Must serve personally; CAN NOT be sub-serve (Unless we OK that it can be left with someone in charge).
- Serve at least 10 days prior to deposition date.

**Deposition Subpoena (Business Records)**
- Personally serve the custodian of records or someone in charge of records.

**Civil Subpoena**
- Must serve personally upon named defendant. Never sub-serve.

**Order/Notice to Withhold Income for Child Support**
- Serve the employer's place of business to someone in charge of the payroll department.

**Other:**

Please contact DDS if you have any questions.
2900 Bristol St., Ste E-106
Costa Mesa, CA. 92626
(714) 662-5555

24.

# EXHIBIT "B"

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Watts Water Technologies, Inc.; Watts Regulator Co.; Watts Plumbing Technologies Co., Ltd.; Anderson-Barrows Metal Corp.; Carlos Marquez

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Safeco Insurance Company of Illinois

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

10/24/2012 at 04:06:12 PM

Clerk of the Superior Court
By Fidel Ibarra, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Orange County Superior Court<br><br>Central Justice Center<br>700 Civic Center Drive West, Santa Ana, CA 92701 | **CASE NUMBER:**<br>(Número del Caso): 30-2012-00607400-CU-PO-CJC<br><br>Judge Franz E. Miller |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Ahmed S. Diab, Esq., Law Offices of Robert A. Stutman, P.C., 750 B Street, 33rd Floor, San Diego, CA 92101

C-14

| | | | |
|---|---|---|---|
| DATE:<br>(Fecha) 10/24/2012 | ALAN CARLSON, Clerk of the Court | Clerk, by<br>(Secretario) | Fidel Ibarra, Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

Fidel Ibarra

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Anderson-Barrows metal Corp, a california corporation

   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

25.



1 | Ahmed S. Diab, Esq. (SBN 262319)
LAW OFFICES OF ROBERT A. STUTMAN, P.C.
2 | 750 B Street, 33ʳᵈ Floor
San Diego, CA 92101
3 | Tel: 619.937.6272
Fax: 619.374.1678

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/24/2012** at 04:08:12 PM
Clerk of the Superior Court
By Fidel Ibarra, Deputy Clerk

4 | Attorneys for Plaintiff SAFECO INSURANCE COMPANY OF ILLINOIS
5 | As Subroges of MAYUR PATEL and KALPANA PATEL

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

11 | SAFECO INSURANCE COMPANY OF
ILLINOIS (a division of Liberty Mutual
12 | Holding Company, Inc.) as Subroges of
MAYUR PATEL and KALPANA PATEL,

13 | Plaintiff,

15 | v.

16 | WATTS WATER TECHNOLOGIES, INC.,
a Delaware Corporation; WATTS
17 | REGULATOR CO, a Massachusetts
Corporation; WATTS PLUMBING
18 | TECHNOLOGIES (TAIZEO) CO., LTD. (a
Chinese Corporation; ANDERSON-
19 | BARROWS METAL CORP., a California
Corporation; CARLOS MARQUEZ, an
20 | individual; and DOES 1-50, inclusive,

21 | Defendants.

CASE NO. 30-2012-00607400-CU-PO-CJC

COMPLAINT FOR CIVIL DAMAGES

1. NEGLIGENCE
2. STRICT PRODUCTS LIABILITY –
   FAILURE TO WARN
3. STRICT PRODUCTS LIABILITY –
   DESIGN DEFECT
4. STRICT PRODUCTS LIABILITY –
   MANUFACTURING DEFECT
5. BREACH OF WARRANTY

Amount in Controversy Exceeds
Minimum Jurisdictional Limits of this
Court

Complaint Filed:
Judge: Judge Franz E. Miller
Dept: C-14
Trial Date:

23 | Plaintiff SAFECO INSURANCE COMPANY OF ILLINOIS (a division of Liberty Mutual

24 | Holding Company, Inc.) a/s/o MAYUR PATEL and KALPANA PATEL, respectfully alleges as

25 | follows:

26 | I.

27 | GENERAL ALLEGATIONS

28 | 1. Plaintiff SAFECO INSURANCE COMPANY OF ILLINOIS ("SAFECO") is a

26.

1 corporation duly organized and existing under the laws of the state of Illinois with its principal place of
2 business located at 175 Berkeley Street, Boston, MA 02116, and at all times relevant hereto, was
3 authorized to issue insurance policies in the state of California.

4    2.    At all times relevant hereto, SAFECO's insureds, Mayur and Kalpana Patel, owned and
5 occupied a residential home located at 52 Shoreridge, Newport Beach, CA 92657 (the "PROPERTY").

6    3.    Prior to November 5, 2009, SAFECO issued a policy of insurance to Mayur and
7 Kalpana Patel. Said policy that covered the PROPERTY, including its structure and contents, and
8 insured against other losses, was in effect on November 5, 2009.

9    4.    Plaintiff is informed and believes that Defendant WATTS WATER TECHNOLOGIES,
10 INC. is a corporation duly organized and existing under the laws of the State of Delaware, having a
11 principal place of business located at 815 Chestnut Street, North Andover, Massachusetts 01845.

12    5.    Plaintiff is informed and believes that Defendant WATTS REGULATOR CO. is a
13 corporation duly organized and existing under the laws of the Commonwealth of Massachusetts,
14 having a principal place of business located at 815 Chestnut Street, North Andover, Massachusetts
15 01845.

16    6.    Plaintiff is informed and believes that Defendant WATTS PLUMBING
17 TECHNOLOGIES (TAIZHO) CO., LTD. Is a Chinese corporation with its principal place of business
18 located in Zhejiang Province, China, and is a wholly owned subsidiary of Defendant WATTS WATER
19 TECHNOLOGIES, INC. located at 815 Chestnut Street, North Andover, Massachusetts 01845.

20    7.    Plaintiff is informed and believes that Defendant ANDERSON-BARROWS METAL
21 CORP. ("ANDERSON-BARROWS") is a corporation duly organized and existing under the laws of
22 the State of California, having a principal place of business located at 815 Chestnut Street, North
23 Andover, Massachusetts 01845.

24    8.    Defendant CARLOS MARQUEZ ("MR. MARQUEZ") is an individual, whose last
25 known residence address is 640 West Katella Avenue, Anaheim, CA 92805.

26    9.    Defendants WATTS WATER TECHNOLOGIES, INC., WATTS REGULATOR CO.
27 and WATTS PLUMBING TECHNOLOGIES (TAIZHO) CO., LTD. shall hereinafter be collectively
28 referred to as "WATTS".

**27.**

1     10.   Plaintiff is informed and believes that at all times relevant hereto, Defendants WATTS

2   and/or one or more of their subsidiary companies, and DOES 1-20, were engaged in the business of,

3   *inter alia*, designing, manufacturing, marketing, selling and distributing products, including toilet tank

4   water connectors.

5     11.   Plaintiff is presently unaware of the true names and capacities of the defendants sued as

6   DOES 1 through 50, and therefore, will further amend this Complaint to add their true names and

7   capacities once they are ascertained. Plaintiff is informed and believes, and thereupon alleges, that

8   each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in

9   that Plaintiff's damages were proximately caused by their conduct. Each reference in this Complaint

10  to "Defendant", "Defendants" or a specifically named defendant refers also to all defendants sued

11  under fictitious DOE names herein.

12    12.   Venue is proper in this jurisdiction in that the acts giving rise to this lawsuit, which are

13  described more fully herein, occurred within this Court's jurisdictional area and, accordingly, the relief

14  sought in this Complaint is properly within the jurisdiction of this Court.

15    13.   The damages incurred by Plaintiff SAFECO are believed to be will in excess of

16  $25,000.00, the jurisdictional minimum of this Court. Furthermore, the Defendants named herein all

17  regularly conduct business within this state and in Orange County, California.

18                                    II.

19                    **FACTS RELEVANT TO ALL CAUSES OF ACTION**

20    14.   At all times relevant hereto, SAFECO's insureds, Mayur and Kalpana Patel, owned and

21  occupied the PROPERTY.

22    15.   Prior to November 5, 2009, Defendants ANDERSON and/or WATTS designed,

23  manufactured, marketed, sold, and/or distributed the toilet tank water connector which was connected

24  to the toilet in the main level bathroom (the "TOILET") at the PROPERTY.

25    16.   Prior to November 5, 2009, Defendant MR. MARQUEZ replaced the aforesaid toilet

26  tank water connector on the toilet at the PROPERTY with an identical toilet tank water connector

27  manufactured, marketed, sold, and/or distributed by Defendants ANDERSON and/or WATTS.

28    17.   On or about November 5, 2009, a water leak occurred within the PROPERTY and

LAW OFFICES OF
ROBERT A. STUTMAN,
P.C.

-3-

COMPLAINT FOR CIVIL DAMAGES

28.

1  originated at the toilet tank water connector on the TOILET.

2      18.  The water leak was caused by the failure of the water connector on the TOILET.

3      19.  The acetal coupling nut which secured the water connector to the TOILET's tank

4  fractured and resulted in the subject water leak.

5      20.  The water connector and/or its component parts, including the acetal coupling nut, were

6  designed, manufactured, marketed, sold, and/or distributed by Defendants ANDERSON and/or

7  WATTS.

8      21.  The water leak resulted in significant damage to the PROPERTY and personal property

9  of Plaintiff SAFECO's insureds, Mayur and Kalpana Patel.

10      22.  As a result of the water leak and resultant damage, SAFECO has made payments to its

11  insureds in excess of $220,000.00 in accordance with the terms and conditions of the insurance policy.

12      23.  As a result of the payments made to its insureds for the subject water leak, Plaintiff

13  SAFECO is legally, equitably and contractually subrogated to the rigs of its insureds to the extent of its

14  payments.

15                         **III.**

16                 **CAUSES OF ACTION**

17              **FIRST CAUSE OF ACTION**

18                 **(Negligence)**

19                 **COUNT ONE**

20    Plaintiff SAFECO v. Defendants ANDERSON; WATTS; and DOES 1-20, inclusive

21      24.  Plaintiff hereby incorporates by reference paragraphs 1 through 23 as though fully set

22  forth herein.

23      25.  Defendants ANDERSON, WATTS, and DOES 1-20 are corporations and/or business

24  entities that design, assemble, manufacture, market, distribute, sell and place into the stream of

25  commerce, products throughout the United States, including the water connector that caused the water

26  loss in this case.

27      26.  Defendants ANDERSON, WATTS, and DOES 1-20 designed, manufactured,

28  assembled, tested, distributed, marketed, sold and placed into the stream of commerce the water

**29.**

1 | connector that caused the water leak at the PROPERTY.

2 |     27.    On or about November 5, 2009, the water connector failed, causing a water leak and

3 | damaging real and personal property, and other damages, as pled herein.

4 |     28.    Defendants ANDERSON, WATTS, and DOES 1-20 owed a duty to customers,

5 | including Plaintiff SAFECO's insureds, to exercise the amount of care in designing and manufacturing

6 | the water connector at issue that a reasonably careful designer and manufacture would use in similar

7 | circumstances.

8 |     29.    The subject water leak and resulting damages sustained by Plaintiff SAFECO's

9 | insureds, Mayur and Kalpana Patel, were caused by the negligence, breach of duty of care,

10 | carelessness, negligent acts and omissions of Defendants ANDERSON, WATTS and DOES 1-20, their

11 | agents, servants, and/or employees, all acting within the course and scope of their employment and

12 | agency, in:

13 |     a.  Designing, manufacturing, selling, marketing, distributing, supplying, and/or

14 |         assembling the water connector in a defective and unreasonably dangerous condition

15 |         that was unsafe for its intended use;

16 |     b.  Designing, manufacturing, selling, distributing, supplying, and/or assembling the water

17 |         connector with insufficient liner and metal braiding, thereby causing a defective and

18 |         unreasonably dangerous condition that was unsafe for its intended use;

19 |     c.  Failing to properly and adequately design, manufacture, assemble, inspect and/or test

20 |         the sufficiency of the water connector which connected the TOILET to the water

21 |         source;

22 |     d.  Failing to properly and adequately design, manufacture, assemble, inspect, and/or test

23 |         the adequacy of the strength and/or thickness of the lining and the braiding of the water

24 |         connector connected to the TOILET;

25 |     e.  Failing to properly and adequately design, manufacture, and/or assemble the water

26 |         connector in conformity with industry standards;

27 |     f.  Failing to adequately appreciate the risks of the defect of the water connector;

28 |     g.  Failing to place into the stream of commerce a water connector that is merchantable and

LAW OFFICES OF
BONNE A. STEVENS
P.S.

**30.**

1  fit for its intended purpose; and

2   b. Failing to use due care under the circumstances.

3   30. As a direct and proximate result of the aforesaid negligence, breach of duty of care,

4  carelessness, negligent acts and/or omissions of Defendants ANDERSON, WATTS and DOES 1-20,

5  the subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of

6  $220,000.00, representing the fair and reasonable value of the damage to the PROPERTY and the

7  personal property of its insured.

8   31. By virtue of the aforesaid payment and pursuant to the terms of the insurance policy,

9  Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the

10  extent of such payments.

11   32. Plaintiff SAFECO's insureds did not know, nor could they have known through the

12  exercise of ordinary care, of the defect in the subject water connector.

13   33. In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this

14  loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and

15  exact cost thereof is ascertained.

16         **COUNT TWO**

17     **Plaintiff SAFECO v. Defendants MR. MARQUEZ; and DOES 21-25, inclusive**

18   34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 as though fully set

19  forth herein.

20   35. The subject water leak and resulting damages sustained by Plaintiff SAFECO's

21  insureds, Mayur and Kalpana Patel, were caused by the negligence, breach of duty of care,

22  carelessness, negligent acts and/or omissions of Defendants MR. MARQUEZ and DOES 21-25, their

23  agents, servants, and/or employees, all acting within the course and scope of their employment and

24  agency, in:

25   a. Selecting as a replacement water connector a product designed, manufactured, sold,

26    marketed, distributed, supplied by Defendants ANDERSON, WATTS and DOES 1-20,

27    and/or assembling the water supply line in a defective and unreasonably dangerous

28    manner that was unsafe for its intended use;

31.

1         b.   Improperly installing the replacement water connector; and

2         c.   Failing to use due care under the circumstances.

3     36.   As a direct and proximate result of the aforesaid negligence, breach of duty of care,
4 carelessness, negligent acts and/or omissions of Defendants MR. MARQUEZ and DOES 21-25, the
5 subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00,
6 representing the fair and reasonable value of the damage to the PROPERTY and the personal property
7 of its insured.

8     37.   By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy,
9 Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the
10 extent of such payments.

11     38.   In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this
12 loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and
13 exact cost thereof is ascertained.

14 **SECOND CAUSE OF ACTION**

15 **(Strict Products Liability - Failure to Warn)**

16 **Plaintiff SAFECO v. Defendants ANDERSON; WATTS; and DOES 1-20**

17     39.   Plaintiff hereby incorporates by reference paragraphs 1 through 38 as though fully set
18 forth herein.

19     40.   Defendants ANDERSON, WATTS and DOES 1-20, inclusive, owed a duty to
20 consumers, including Plaintiff SAFECO's insureds, to exercise reasonable care in issuing warnings
21 regarding the defective and dangerous nature of its water supply line.

22     41.   Defendants ANDERSON, WATTS and DOES 1-20, inclusive, knew or reasonably
23 should have known that their water supply line was defective and dangerous and was likely to be
24 dangerous when used in a reasonably foreseeable manner.

25     42.   Defendants ANDERSON, WATTS and DOES 1-20, inclusive, knew or reasonably
26 should have known that Plaintiff SAFECO and its insureds would not realize that the water supply line
27 was defective and posed a danger of causing substantial property damage.

28     43.   Defendants ANDERSON, WATTS and DOES 1-20, inclusive, failed to adequately

Law Insurance
Roland A. Biliamek
P.A.

**32.**

1 | warn of the danger or instruct Plaintiff SAFECO or its insureds on the safe use of its product when
2 | used in an intended or reasonably foreseeable way.

3 |     44.    A reasonable designer, manufacturer, distributor, assembler or seller under the same or
4 | similar circumstances would have warned of the danger and instructed on the safe use of the product,
5 | including but not limited to, providing detailed installation instructions together with warnings to
6 | frequently inspect the water supply line.

7 |     45.    As a direct and proximate result of Defendants' failure to warn Plaintiff SAFECO or its
8 | insureds regarding the defective and dangerous nature of its water supply line, the subject water leak
9 | occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00, representing the fair
10 | and reasonable market value of the damage to the PROPERTY and the personal property of its insured.

11 |     46.    By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy,
12 | Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the
13 | extent of such payments.

14 |     47.    In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this
15 | loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and
16 | exact cost thereof is ascertained.

17 | **THIRD CAUSE OF ACTION**

18 | **(Strict Products Liability -- Design Defect)**

19 | Plaintiff SAFECO v. Defendants ANDERSON, WATTS and DOES 1-20

20 |     48.    Plaintiff hereby incorporates by reference paragraphs 1 through 47 as though fully set
21 | forth herein.

22 |     49.    The cause of the subject water leak was due to a failure of the water supply line and its
23 | component parts which were defectively designed, manufactured, assembled, tested, marketed,
24 | distributed, sold and placed into the stream of commerce by Defendants ANDERSON, WATTS and
25 | DOES 1-20.

26 |     50.    The water supply line did not perform as safely as an ordinary consumer would have
27 | expected it to perform when used in an intended or reasonably foreseeable way.

28 |     51.    As a direct and proximate result of the product defect or defects referenced herein, the

Law Offices of
Howard A. Sumner,
P.A.

**33.**

1  subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00,

2  representing the fair and reasonable market value of the damage to the PROPERTY and the personal

3  property of its insured.

4      52.  By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy,

5  Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the

6  extent of such payments.

7      53.  In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this

8  loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and

9  exact cost thereof is ascertained.

10                           **FOURTH CAUSE OF ACTION**

11              (Strict Products Liability – Manufacturing Defect)

12          Plaintiff SAFECO v. Defendants ANDERSON, WATTS and DOES 1-20

13      54.  Plaintiff hereby incorporates by reference paragraphs 1 through 53 as though fully set

14  forth herein.

15      55.  The cause of the subject water leak was due to a failure of the water supply line and its

16  component parts which were defectively designed, manufactured, assembled, tested, marketed,

17  distributed, sold and placed into the stream of commerce by Defendants ANDERSON, WATTS and

18  DOES 1-20.

19      56.  Plaintiff SAFECO is informed and believes that the water supply line contained a

20  manufacturing defect when it left Defendants ANDERSON, WATTS and DOES 1-20's possession.

21      57.  As a direct and proximate result of the product defect or defects referenced herein, the

22  subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00,

23  representing the fair and reasonable market value of the damage to the PROPERTY and the personal

24  property of its insured.  In other words, said product defect was a substantial factor in causing Plaintiff

25  SAFECO's harm in this matter.

26      58.  By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy,

27  Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the

28  extent of such payments.

LAW OFFICES OF
RANDY A. STIMPSON
INC.

34.

1    59.    In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this

2    loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and

3    exact cost thereof is ascertained.

4                                  **FIFTH CAUSE OF ACTION**

5                                       (Breach of Warranty)

6              Plaintiff SAFECO v. Defendants ANDERSON, WATTS and DOES 1-20

7    60.    Plaintiff hereby incorporates by reference paragraphs 1 through 59 as though fully set

8    forth herein.

9    61.    Defendants ANDERSON, WATTS and DOES 1-20 were and are in the business of

10   selling water supply lines.

11   62.    In designing, manufacturing, marketing, selling, distributing, supplying and/or

12   assembling the subject water supply line, Defendants ANDERSON, WATTS and DOES 1-20 made

13   certain express and implied warranties that the water supply line was of good and merchantable quality

14   and was reasonably safe and fit for its intended use.

15   63.    Defendants ANDERSON, WATTS and DOES 1-20 breached the express and implied

16   warranties and other representations that accompanied the sale and distribution of the subject water

17   supply line into the stream of commerce.

18   64.    As a direct and proximate result of the product defect or defects referenced herein, the

19   subject water leak occurred and Plaintiff SAFECO paid its insureds a sum in excess of $220,000.00,

20   representing the fair and reasonable market value of the damage to the PROPERTY and the personal

21   property of its insured.

22   65.    By virtue of the aforesaid payment, and pursuant to the terms of the insurance policy,

23   Plaintiff SAFECO is legally, equitably and contractually subrogated to the rights of its insureds to the

24   extent of such payments.

25   66.    In the event that Plaintiff SAFECO becomes obligated to pay additional sums for this

26   loss in the future, Plaintiff prays for leave to amend this Complaint accordingly when the true and

27   exact cost thereof is ascertained.

28   ///

35.

1      **WHEREFORE**, Plaintiff prays for judgment against the Defendants, as to each cause of

2 action, as follows:

3        1.   For the full extent of the amounts paid by Plaintiff SAFECO to his insureds;

4        2.   For prejudgment interest according to proof, pursuant to *Civil Code* §3291;

5        3.   For post-judgment interest according to proof;

6        4.   For Plaintiff's costs of suit herein;

7        5.   For such other and further relief as to the Court may deem just and proper.

8

9 Dated: October 25, 2012           LAW OFFICES OF ROBERT A. STUTMAN, P.C.

10

11                           By: _____

12                              Ahmed S. Diab, Esq.

13                              Attorneys for Plaintiff SAFECO INSURANCE COMPANY OF ILLINOIS a/s/o MAYUR PATEL and KALPANA PATEL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

36.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

**37.**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

38.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

**39.**

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate.  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate.  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences.  Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE  program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

40.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:              Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                    Bar No: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s)_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____

        (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____

        (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use        California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

41.

2/12/12

# DDS

ATTORNEY · COPY · MESSENGER
S E R V I C E S

**Attention:** Mark J. Snider & Associates

# ROUTINE SERVICE ATTACHED

### Please status service by phone.

**Contact: Lim @ ext. 1318**
**Phone # (714) 662-5555**
Fax #  (714) 662-3379
**Faxed or Emailed by:** ___Kim___

## Special Instructions:

*Please Serve.

*quoted $30 for service

**Thanks,** Please Serve
**DDS Legal Support**

42.

LAST DAY TO SERVE: _____

## Rules for Serving California Process Papers

**Summons & Complaint (Corporation/Partnership)**
- Serve Personally on agent, corporate officer, general manager or attorney/general counsel. All others are sub-serves. If unknown, get agent's or officer's name.
- Can sub-serve first attempt on person in charge if being served at a business address.
- If being served at a residence. It can be sub-served on the fourth attempt. However, it will require diligence. Diligence is three attempts on three different days – one in the morning, one in the afternoon and finally one in the evening.
- If sub-served, PLEASE NOTIFY US IMMEDIATELY SO THAT WE MAY ALSO MAIL AN ADDITIONAL COPY!
- When a business is located at a residence. Serve personally on agent, corporate officer or a person affiliated with the business. Get the agent's, officer's or person affiliated with business name and description.

**Summons & Complaint (Individual, Sole Proprietorship, Minor, other)**
- Serve personally on named defendant.
- Can sub-serve on the fourth attempt after diligence. Diligence is three attempts on three different days – one in the morning, one in the afternoon, and finally one in the evening. This can be served to a competent member of the household over the age of 18 OR if at their place of work, the person in charge.
- If sub-served, PLEASE NOTIFY US IMMEDIATELY SO THAT WE MAY ALSO MAIL AN ADDITIONAL COPY!

**Summons & Complaint (Family Law)**
- Serve personally on named defendant only.

**Deposition Subpoena (Personal Appearance)**
- Must serve personally; CAN NOT be sub-serve (Unless we OK that it can be left with someone in charge).
- Serve at least 10 days prior to deposition date.

**Deposition Subpoena (Business Records)**
- Personally serve the custodian of records or someone in charge of records.

**Civil Subpoena**
- Must serve personally upon named defendant. Never sub-serve.

**Order/Notice to Withhold Income for Child Support**
- Serve the employer's place of business to someone in charge of the payroll department.

**Other:**

Please contact DDS if you have any questions.
2900 Bristol St., Ste E-106
Costa Mesa, CA. 92626
(714) 662-5555

**43.**

# EXHIBIT "C"

1    **LEWIS BRISBOIS BISGAARD & SMITH LLP**
     KARL R. LOUREIRO, SB# 162318
2    WILLIAM E. PALLARES, SB# 187740
        E-Mail: pallares@lbbslaw.com
3    221 North Figueroa Street, Suite 1200
     Los Angeles, California 90012
4    Telephone: 213.250.1800
     Facsimile: 213.250.7900
5
     Attorneys for Defendants WATTS WATER
6    TECHNOLOGIES, INC. and WATTS
     REGULATOR CO.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

| 11 | SAFECO INSURANCE COMPANY OF | CASE NO. 30-2012-00607400-CU-PO-CJC |
|---|---|---|
| 12 | ILLINOIS (a division of Liberty Mutual Holding Company, Inc.) as Subrogee of MAYUR PATEL and KALPANA PATEL, | [Assigned for All Purposes to: The Hon. Franz E. Miller, Dept. C-14] |
| 13 | | |
| 14 | Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |
| 15 | vs. | |
| 16 | WATTS WATER TECHNOLOGIES, INC., a Delaware Corporation; WATTS | Action Filed:      October 24, 2012 Trial Date:        None Set |
| 17 | REGULATOR CO., a Massachusetts Corporation; WATTS PLUMBING | |
| 18 | TECHNOLOGIES (TAIZHO) CO., LTD., a Chinese Corporation; ANDERSON- | |
| 19 | BARROWS METAL CORP., a California Corporation; CARLOS MARQUEZ, an individual; and DOES 1-50, inclusive, | |
| 20 | | |
| 21 | Defendants. | |

22        TO THE COURT, PLAINTIFF SAFECO INSURANCE COMPANY OF ILLINOIS,

23   AND TO ITS ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE that on January 10, 2013, pursuant to 28 U.S.C. § 1441(b),

25   Defendants Watts Water Technologies, Inc. and Watts Regulator Co. (collectively referred to as

26   "Defendants") filed a notice of removal of this action in the United States District Court for the

27   Central District of California (the "Notice of Removal"). A true and correct copy of the Notice of

28   Removal is attached hereto as Exhibit "1" and is served and filed herewith.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-1720-3730.1                                   1
NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

**44.**

1    PLEASE TAKE FURTHER NOTICE that, pursuant to the provisions of 28 U.S.C. §

2    1446(d), the filing of the Notice of Removal in the United States District Court for the Central

3    District of California, Western Division, together with the filing of a copy of the Notice of

4    Removal with this Court, effects removal of this action and, accordingly, this Court may proceed

5    no further with this action unless and until this case is remanded.

6    DATED: January ___, 2013                 Respectfully submitted,

7                                            LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9

                                            By: _____
10
                                                William E. Pallares
11                                              Attorneys for Defendants WATTS WATER
                                                TECHNOLOGIES, INC. and WATTS
12                                              REGULATOR CO.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

45.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS (a division of Liberty Mutual Holding Company, Inc.) as Subrogee of MAYUR PATEL and KALPANA PATEL | WATTS WATER TECHNOLOGIES, INC., a Delaware Corporation; WATTS REGULATOR CO., a Massachusetts Corporation; WATTS PLUMBING TECHNOLOGIES (TAIZHO) CO., LTD., a Chinese Corporation; ANDERSON-BARROWS METAL CORP., etc., et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Ahmed S. Diab, Esq. Law Offices of Robert A. Stutman, P.C. 750 B Street, 33rd Floor San Diego, CA 92101 Telephone: 619-937-6272 | Karl R. Loureiro, Esq./William E. Pallares, Esq. Lewis Brisbois Bisgaard & Smith LLP 221 North Figueroa Street, Suite 1200 Los Angeles, CA 90012 Telephone: 213-250-1800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff　☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant　☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding　☒ 2 Removed from State Court　☐ 3 Remanded from Appellate Court　☐ 4 Reinstated or Reopened　☐ 5 Transferred from another district (specify):　☐ 6 Multi-District Litigation　☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No　☒ MONEY DEMANDED IN COMPLAINT: $ 220,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Section 1332. This is a diversity action centering on strict product liability.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☒ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:　Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | Illinois and Massachusetts |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | Delaware; Massachusetts; China |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _William E. Pallares_     Date January 10, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV13- 46 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.